### EDWARDS v. CHAPMAN.

(Supreme Court, Appellate Division, Second Department. April 24, 1914.)

PLEADING (§ 36*)—ADMISSIONS IN ANSWER—CONCLUSIVENESS.

In an action for conversion, it was error to permit the jury to infer wrongful possession by defendant from his allegation of title in the answer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 81–86; Dec. Dig. § 36.*]

Appeal from Trial Term, Nassau County.

Action by Mary Edwards, as administratrix of Nathan Edwards, deceased, against Elverton R. Chapman. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Erastus J. Parsons, of New York City, for appellant.
James A. Gray, of New York City, for respondent.

PER CURIAM. The judgment should be reversed. It was erroneous to permit the jury to infer wrongful possession by the defendant from his allegation of title to the goods in the answer. The finding of conversion is against the weight of the evidence. Nothing came of the arrangement considered by Edwards and M. D. Chapman. Edwards left the hotel and goods in the possession of Coffey, who forthwith conducted the hotel under lease from the Elverton Hotel Company. Privity between defendant and Coffey is not sufficiently shown. The evidence of the value of the goods is given by one who knew nothing of their quality or condition from personal observation or from evidence given on the trial and used hypothetically. But the grounds of objection do not cover such disqualification.

The judgment and order should be reversed, and a new trial granted; costs to abide the event.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes